UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREAT AMERICAN ASSURANCE CO.     CIVIL ACTION NO. 19-cv-1123

VERSUS     JUDGE FOOTE

HOWARD MOSES, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Great American Assurance Co. filed this complaint seeking declaratory relief regarding an ongoing insurance dispute. Great American filed the complaint in this court on the basis of diversity jurisdiction, which puts the burden on Great American to allege facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The complaint alleges that defendants Howard Moses and Leon Isaac Rambo are domiciled in the State of Georgia. The complaint is adequate with regard to those two defendants.

The complaint alleges that defendant HOM Transport, LLC is a limited liability company incorporated in the State of Georgia. The court will read this allegation to mean that the LLC was organized under Georgia Law. The complaint states that HOM "was organized by Howard Moses and Onedia Moses, both of whom are residents and domiciliaries of the State of Georgia." Diversity of citizenship must exist at the time the action is brought. Grupo Dataflux v. Atlas Grp., LP, 541 US 567, 570-71 (2004). In order to establish diversity jurisdiction, the complaint must specifically allege the citizenship of

each of the members of HOM at the time this suit was filed.  Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).   If Howard and Onedia Moses were the only members of HOM at the time the suit was filed, then the allegations regarding their citizenship are adequate.  Great American must file an amended complaint that clarifies HOM's citizenship according to these rules.

The complaint alleges that Great American is "an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located in Ohio."  The complaint does not allege with specificity Great American's type of entity.  The amended complaint will need to state whether Great American is a corporation, LLC, or other type of unincorporated entity.  If it is a corporation, the other allegations regarding its citizenship (state of incorporation and principal place of business) are sufficient.  If it is an unincorporated entity, the amended complaint will also need to allege its citizenship in accordance with the rules set forth in cases such as Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The complaint states that the amount in controversy requirement is satisfied because the underlying insurance policy has a limit of liability of $1,000,000.  In a declaratory judgment action concerning the applicability of an insurance policy to a particular occurrence, the amount in controversy is determined by the value of the underlying claim rather than by the policy limits.  Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908 (5th Cir. 2002).  To ensure that it has met its burden with regard to this issue, Great American will need to include in its amended complaint specific allegations regarding the amount in controversy.   Helpful facts may include the amount of any settlement demands in the

related case, a description of the nature, duration, and expense of any medical care, and any other particular facts regarding the alleged injuries and losses for which a claim is being asserted relevant to the policy at issue.

The deadline for filing the amended complaint is **September 19, 2019.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge